# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**VIA U.S. CERTIFIED MAIL**
**COPY VIA E-MAIL**

Ms. Carolina Giraldo
c/o Songs of Kobalt Music Publishing
220 West 42nd Street, 11th Floor
New York, NY 10036
Email: contact.usa@kobaltmusic.com

> **PRIVILEGED & CONFIDENTIAL**
> **-FRE 408-**

*RE:*     **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

Our office represents René Lorente Garcia p/k/a René Lorente ("Rene" or "Client"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("AD Song"), titled "*Algo Diferente*". See **Exhibit A**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **Composite Exhibit B**.

It was recently brought to our Client's attention that Carolina Giraldo p/k/a "Karol G" ("Artist"), is responsible for the infringement of the AD Song. On August 12, 2021, the song "*Don't Be Shy*" by Tiësto & Karol G ("Infringing Song") was released. Upon review of the Infringing Song, it is evident that Artist has created and participated in the unauthorized reproduction of our Client's AD Song for commercial use by utilizing an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

This letter is being provided to advise you that Artist's participation and contribution in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See U.S. Copyright Act* **17 U.S.C. §101**.The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Artist appears to have participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Artist is in direct or contributory violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the ***U.S. Copyright Act 17 U.S.C. 106, 501, et seq.*** As a result of Artist's infringement and pursuant to ***U.S. Copyright Act 17 U.S.C.504(b)***, our Client is entitled to recover "*the actual damages suffered … as a result of the infringement, **and any profits of the infringer that are attributable to the infringement**.*" Furthermore, our Client would be entitled to recover costs pursuant to ***U.S. Copyright Act 17 U.S.C. 505.*** Due to the Artist's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to ***U.S. Copyright Act 17 U.S.C. 502***, our Client would be entitled to an injunction against Artist's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Artist's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Artist cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Artist will comply with these demands (e-mail shall suffice).

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

In the event that Artist fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## EXHIBIT A



5/16/22, 5:44 PM                                          WebVoyage Record View 1

**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

---

**Public Catalog**

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Lorente, Rene, 1948-
Search Results: Displaying 1 of 10 entries

[previous] [next]

[Labeled View]

*Algo diferente.*

**Type of Work:** Music
**Registration Number / Date:** PAu002496298 / 2000-05-30
**Application Title:** Emociones.
**Title:** Algo diferente.
**Description:** Sound cassette.
**Notes:** Music.
**Copyright Claimant:** Rene Lorente, 1948-
**Date of Creation:** 1998
**Names:** Lorente, Rene, 1948-

[previous] [next]

| Save, Print and Email (Help Page) |
|---|
| Select Download Format [Full Record ▾] [Format for Print/Save] |
| Enter your email address: [            ] [Email] |

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQrEAqOZZQKWLZmf&SEQ=20220516150023&...   1/2

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                           WebVoyage Record View 1

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page

---

**OFFICE:** (786) 581-2542 **FAX:** (305) 503-7079 **WEB:** DSMIAMI.COM **EMAIL:** ADMIN@DSMIAMI.COM
**ADDRESS:** 4770 BISCAYNE BLVD., SUITE 600, MIAMI, FL 33137

# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW

**COMPOSITE EXHIBIT B**



# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW



# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**VIA U.S. CERTIFIED MAIL**
**COPY VIA E-MAIL**

Mr. Tijs M. Verwest
c/o Kobalt Songs Music Publishing
2 Gansevoort Street, 6th Floor
New York, NY 10014
Email: contact.usa@kobaltmusic.com

> **PRIVILEGED & CONFIDENTIAL**
> **-FRE 408-**

*RE:*   **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

      Our office represents René Lorente Garcia p/k/a René Lorente ("<u>Rene</u>" or "<u>Client</u>"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("<u>AD Song</u>"), titled "*Algo Diferente*". See **Exhibit A**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **Composite Exhibit B**.

      It was recently brought to our Client's attention that Tijs M. Verwest p/k/a "Tiesto" ("<u>Artist</u>"), is responsible for the infringement of the AD Song. On August 12, 2021, the song "*Don't Be Shy*" by Tiësto & Karol G ("<u>Infringing Song</u>") was released. Upon review of the Infringing Song, it is evident that Artist has created and participated in the unauthorized reproduction of our Client's AD Song for commercial use by utilizing an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

      This letter is being provided to advise you that Artist's participation and contribution in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See **U.S. Copyright Act 17 U.S.C. §101**.*The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Artist appears to have participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

# DISCHINO & SCHAMY
## BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Artist is in direct or contributory violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the ***U.S. Copyright Act 17 U.S.C. 106, 501, et seq.*** As a result of Artist's infringement and pursuant to ***U.S. Copyright Act 17 U.S.C.504(b)***, our Client is entitled to recover "*the actual damages suffered ... as a result of the infringement, **and any profits of the infringer that are attributable to the infringement***." Furthermore, our Client would be entitled to recover costs pursuant to ***U.S. Copyright Act 17 U.S.C. 505.*** Due to the Artist's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to ***U.S. Copyright Act 17 U.S.C. 502***, our Client would be entitled to an injunction against Artist's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Artist's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Artist cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Artist will comply with these demands (e-mail shall suffice).

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

In the event that Artist fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

# DISCHINO & SCHAMY
## BUSINESS & INTELLECTUAL PROPERTY LAW

<u>**EXHIBIT A**</u>



5/16/22, 5:44 PM                                                          WebVoyage Record View 1

**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Lorente, Rene, 1948-
Search Results: Displaying 1 of 10 entries

[◄ previous]   [next ►]

[ Labeled View ]

*Algo diferente.*

**Type of Work:** Music
**Registration Number / Date:** PAu002496298 / 2000-05-30
**Application Title:** Emociones.
**Title:** Algo diferente.
**Description:** Sound cassette.
**Notes:** Music.
**Copyright Claimant:** Rene Lorente, 1948-
**Date of Creation:** 1998
**Names:** Lorente, Rene, 1948-

[◄ previous]   [next ►]

| **Save, Print and Email (Help Page)** |
| Select Download Format  Full Record ▾   Format for Print/Save |
| Enter your email address:                          Email |

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQzEAqOZZQKWLZmf&SEQ=20220516150023&...   1/2

# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                  WebVoyage Record View 1

Help   Search   History   Titles   Start Over

Contact Us  I  Request Copies  I  Get a Search Estimate  I  Frequently Asked Questions (FAQs) about Copyright  I  Copyright Office Home Page  I  Library of Congress Home Page

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQzEAqOZZQKWLZmf&SEQ=20220516150023&…        2/2

# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

## COMPOSITE EXHIBIT B



# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW



# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**VIA U.S. CERTIFIED MAIL**
**COPY VIA E-MAIL**
Kobalt Music Group Limited
2 Gansevoort St., 6th Floor
New York, NY 10014
Email: privacy@kobaltmusic.com

> **PRIVILEGED & CONFIDENTIAL**
> **-FRE 408-**

*RE:*     **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

Our office represents René Lorente Garcia p/k/a René Lorente ("Rene" or "Client"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("AD Song"), titled "*Algo Diferente*". See **Exhibit A**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **Composite Exhibit B**.

It was recently brought to our Client's attention that your company, Kobalt Music Group Limited ("Company"), is responsible for the infringement of the AD Song. On August 12, 2021, the song "*Don't Be Shy*" by Tiësto & Karol G ("Infringing Song") was released. Upon review of the Infringing Song, it is evident that Company, in its capacity as the publisher, has vicariously and/or contributorily participated in the unauthorized reproduction of our Client's AD Song for commercial use through the utilization of an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

This letter is being provided to advise you that Company's vicarious or direct participation in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See **U.S. Copyright Act** **17 U.S.C. §101**.*The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Company appears to have directly or indirectly participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Company is in direct or vicarious violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the *U.S. Copyright Act 17 U.S.C. 106, 501, et seq.* As a result of Company's infringement and pursuant to *U.S. Copyright Act 17 U.S.C.504(b)*, our Client is entitled to recover "*the actual damages suffered ... as a result of the infringement, and any profits of the infringer that are attributable to the infringement*." Furthermore, our Client would be entitled to recover costs pursuant to *U.S. Copyright Act 17 U.S.C. 505.* Due to the Company's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to *U.S. Copyright Act 17 U.S.C. 502*, our Client would be entitled to an injunction against Company's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Company's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Company cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Company will comply with these demands (e-mail shall suffice).

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

In the event that Company fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## EXHIBIT A



# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                      WebVoyage Record View 1

Help    Search    History    Titles    Start Over

Contact Us  ∣  Request Copies  ∣  Get a Search Estimate  ∣  Frequently Asked Questions (FAQs) about Copyright  ∣  Copyright Office Home Page  ∣
Library of Congress Home Page

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## COMPOSITE EXHIBIT B



# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW



# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**VIA U.S. CERTIFIED MAIL**
**COPY VIA E-MAIL**

Atlantic Recording Corporation
DMCA Agent-Litigation Department
1633 Broadway
New York, NY 10019
Email: dmcaagent@wmg.com

<div style="border:1px solid black;">
<strong>PRIVILEGED & CONFIDENTIAL</strong>
<strong>-FRE 408-</strong>
</div>

*RE:*    **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

Our office represents René Lorente Garcia p/k/a René Lorente ("<u>Rene</u>" or "<u>Client</u>"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("<u>AD Song</u>"), titled "*Algo Diferente*". See **Exhibit A**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **Composite Exhibit B**.

It was recently brought to our Client's attention that your company, Atlantic Recording Corporation ("<u>Company</u>"), is responsible for the infringement of the AD Song. On August 12, 2021, Company released the song "*Don't Be Shy*" by Tiësto & Karol G ("<u>Infringing Song</u>"). Upon review of the Infringing Song, it is evident that Company, in its capacity as a record label, has vicariously and/or contributorily participated in the unauthorized reproduction of our Client's AD Song for commercial use through the utilization of an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

This letter is being provided to advise you that Company's vicarious or direct participation in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See* **U.S. Copyright Act 17 U.S.C. §101**. The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Company appears to have directly or indirectly participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Company is in direct or vicarious violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the ***U.S. Copyright Act 17 U.S.C. 106, 501, et seq.*** As a result of Company's infringement and pursuant to ***U.S. Copyright Act 17 U.S.C.504(b)***, our Client is entitled to recover "*the actual damages suffered … as a result of the infringement, **and any profits of the infringer that are attributable to the infringement**.*" Furthermore, our Client would be entitled to recover costs pursuant to ***U.S. Copyright Act 17 U.S.C. 505.*** Due to the Company's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to ***U.S. Copyright Act 17 U.S.C. 502***, our Client would be entitled to an injunction against Company's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Company's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Company cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Company will comply with these demands (e-mail shall suffice).

# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

In the event that Company fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

---

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## EXHIBIT A



5/16/22, 5:44 PM                                    WebVoyage Record View 1

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Lorente, Rene, 1948-
Search Results: Displaying 1 of 10 entries

*Algo diferente.*

**Type of Work:** Music
**Registration Number / Date:** PAu002496298 / 2000-05-30
**Application Title:** Emociones.
**Title:** Algo diferente.
**Description:** Sound cassette.
**Notes:** Music.
**Copyright Claimant:** Rene Lorente, 1948-
**Date of Creation:** 1998
**Names:** Lorente, Rene, 1948-

| Save, Print and Email (Help Page) | | |
|---|---|---|
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQrEAqOZZQKWLZmf&SEQ=20220516150023&...   1/2

---

# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                    WebVoyage Record View 1

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQzEAqOZZQKWLZmf&SEQ=20220516150023&…     2/2

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## COMPOSITE EXHIBIT B



# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW



# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**<u>VIA U.S. CERTIFIED MAIL</u>**
**<u>COPY VIA E-MAIL</u>**
Mr. Jonas D. Kroper
C/O SONY/ATV TUNES LLC
424 CHURCH STREET
SUITE 1200
NASHVILLE, TN 37219
info@sonymusicpub.com

<div style="border:1px solid">

**PRIVILEGED & CONFIDENTIAL**
**-FRE 408-**

</div>

*RE:*    **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

Our office represents René Lorente Garcia p/k/a René Lorente ("<u>Rene</u>" or "<u>Client</u>"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("<u>AD Song</u>"), titled "*Algo Diferente*". See **<u>Exhibit A</u>**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **<u>Composite Exhibit B</u>**.

It was recently brought to our Client's attention that Jonas D. Kroper ("<u>Songwriter</u>"), is responsible for the infringement of the AD Song. On August 12, 2021, the song "*Don't Be Shy*" by Tiësto & Karol G ("<u>Infringing Song</u>") was released. Upon review of the Infringing Song, it is evident that Songwriter, in his capacity as the songwriter, has created and participated in the unauthorized reproduction of our Client's AD Song for commercial use by utilizing an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

This letter is being provided to advise you that Songwriter's participation and contribution in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See **U.S. Copyright Act** **17 U.S.C. §101**.*The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Songwriter appears to have participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Songwriter is in direct or contributory violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the ***U.S. Copyright Act 17 U.S.C. 106, 501, et seq.*** As a result of Songwriter's infringement and pursuant to ***U.S. Copyright Act 17 U.S.C.504(b)***, our Client is entitled to recover "*the actual damages suffered ... as a result of the infringement, **and any profits of the infringer that are attributable to the infringement***." Furthermore, our Client would be entitled to recover costs pursuant to ***U.S. Copyright Act 17 U.S.C. 505.*** Due to the Songwriter's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to ***U.S. Copyright Act 17 U.S.C. 502***, our Client would be entitled to an injunction against Songwriter's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Songwriter's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Songwriter cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Songwriter will comply with these demands (e-mail shall suffice).

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

In the event that Songwriter fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## EXHIBIT A



# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                   WebVoyage Record View 1

---

Help    Search    History    Titles    Start Over

Contact Us  l  Request Copies  l  Get a Search Estimate  l  Frequently Asked Questions (FAQs) about Copyright  l  Copyright Office Home Page  l
Library of Congress Home Page

OFFICE: (786) 581-2542 FAX: (305) 503-7079 WEB: DSMIAMI.COM EMAIL: ADMIN@DSMIAMI.COM
ADDRESS: 4770 BISCAYNE BLVD., SUITE 600, MIAMI, FL 33137

# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

## COMPOSITE EXHIBIT B



# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW



# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**VIA U.S. CERTIFIED MAIL**
**COPY VIA E-MAIL**
Mr. Teemu W. Brunila
C/O SONY/ATV TUNES LLC
424 CHURCH STREET
SUITE 1200
NASHVILLE, TN 37219
info@sonymusicpub.com

> **PRIVILEGED & CONFIDENTIAL**
> **-FRE 408-**

*RE:*     **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

Our office represents René Lorente Garcia p/k/a René Lorente ("Rene" or "Client"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("AD Song"), titled "*Algo Diferente*". See **Exhibit A**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **Composite Exhibit B**.

It was recently brought to our Client's attention that Teemu W. Brunila ("Songwriter"), is responsible for the infringement of the AD Song. On August 12, 2021, the song "*Don't Be Shy*" by Tiësto & Karol G ("Infringing Song") was released. Upon review of the Infringing Song, it is evident that Songwriter, in his capacity as the songwriter, has created and participated in the unauthorized reproduction of our Client's AD Song for commercial use by utilizing an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

This letter is being provided to advise you that Songwriter's participation and contribution in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See **U.S. Copyright Act** **17 U.S.C. §101**.*The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Songwriter appears to have participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Songwriter is in direct or contributory violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the *U.S. Copyright Act 17 U.S.C. 106, 501, et seq.* As a result of Songwriter's infringement and pursuant to *U.S. Copyright Act 17 U.S.C.504(b)*, our Client is entitled to recover "*the actual damages suffered ... as a result of the infringement, **and any profits of the infringer that are attributable to the infringement***." Furthermore, our Client would be entitled to recover costs pursuant to *U.S. Copyright Act 17 U.S.C. 505.* Due to the Songwriter's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to *U.S. Copyright Act 17 U.S.C. 502*, our Client would be entitled to an injunction against Songwriter's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Songwriter's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Songwriter cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Songwriter will comply with these demands (e-mail shall suffice).

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

In the event that Songwriter fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW

## EXHIBIT A



# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                     WebVoyage Record View 1

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQzEAqOZZQKWLZmf&SEQ=20220516150023&…   2/2

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

**COMPOSITE EXHIBIT B**



# DISCHINO & SCHAMY
BUSINESS & INTELLECTUAL PROPERTY LAW



# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

June 16, 2022

**VIA U.S. CERTIFIED MAIL**
**COPY VIA E-MAIL**
Mr. Yoshi L H Breen
C/O SONY/ATV TUNES LLC
424 CHURCH STREET
SUITE 1200
NASHVILLE, TN 37219
info@sonymusicpub.com

**PRIVILEGED & CONFIDENTIAL**
**-FRE 408-**

*RE:*     **COPYRIGHT INFRINGMENT; ALGO DIFERENTE BY RENÉ LORENTE**

To Whom It May Concern:

Our office represents René Lorente Garcia p/k/a René Lorente ("Rene" or "Client"), in connection with his intellectual property matters. As you are aware, our Client created and released the song "*Algo Diferente*" in the year 1998 and subsequently applied and received copyright protection for the sound recording on May 30, 2000 with the United States Copyright Office under Registration #PAu002496298 ("AD Song"), titled "*Algo Diferente*". See **Exhibit A**. Our Client also released the AD Song as part of an album titled "*Algo Diferente*" on July 31, 2007 which was subsequently released on digital service providers such as YouTube on March 31, 2015 and is additionally available on Spotify, Amazon Music, Apple Music, and other major music streaming platforms, as shown in **Composite Exhibit B**.

It was recently brought to our Client's attention that Yoshi L H Breen ("Songwriter"), is responsible for the infringement of the AD Song. On August 12, 2021, the song "*Don't Be Shy*" by Tiësto & Karol G ("Infringing Song") was released. Upon review of the Infringing Song, it is evident that Songwriter, in his capacity as the songwriter, has created and participated in the unauthorized reproduction of our Client's AD Song for commercial use by utilizing an exact copy of the melody and arrangement of the musical notes of the AD Song without any deviation and without having first obtained a valid license or authorization to do so.

This letter is being provided to advise you that Songwriter's participation and contribution in this derivative work of our Client's intellectual property is a willful and direct infringement of our Client's AD Song. A derivative work is based upon one or more preexisting works, such as a translation, dramatization, fictionalization, art reproduction, or any other form in which a work may be recast, transformed, or adapted. *See U.S. Copyright Act* **17 U.S.C. §101**. The Infringing Song is a prima facie case of copyright infringement because (i) our Client owns a valid copyright registration in the AD Song and (ii) Songwriter appears to have participated in the copying of constituent elements of our Client's AD Song. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 (1991). The similarities between the AD Song and the Infringing Song are so extensive and striking that, *without more*, justifies an inference of copying, prove improper appropriation, and preclude the possibility of independent creation. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (C.A.2 (N.Y.),1988).

---

# DISCHINO & SCHAMY

BUSINESS & INTELLECTUAL PROPERTY LAW

After a comparison of the AD Song and the Infringing Song, it is plain and apparent that the Infringing Song copied substantial qualitative, quantitative, important, and highly recognizable portions of the AD song, including the constituent elements which make the AD Song original. The Infringing Song's hook, melody, note combination, and structure are extrinsically and intrinsically similar to the AD Song. The infringing use is not de minimus in nature. Due to the prior release and copyright registration of the AD Song, there was an ongoing and continuous opportunity to access the AD song in various ways including public records, public performances, records, streaming services, downloads, YouTube or other video services, broadcasts or other dissemination. The striking similarities between the AD Song and the Infringing Song also establishes the reasonable possibility to access to the AD Song, including, without limitation, via (i) listening to the recording via Client's or others' public performances of the AD song, (ii) streaming or downloading the AD Song from the internet, (iii) listening to the AD Song through a third party, and/or (iv) viewing the sheet music or other written format which reflects the AD Song.

Accordingly, notice is provided to you that Songwriter is in direct or contributory violation of our Client's intellectual property rights, including, but not limited to, all rights protected by the **U.S. Copyright Act 17 U.S.C. 106, 501, et seq.** As a result of Songwriter's infringement and pursuant to **U.S. Copyright Act 17 U.S.C.504(b)**, our Client is entitled to recover "*the actual damages suffered ... as a result of the infringement, and any profits of the infringer that are attributable to the infringement*." Furthermore, our Client would be entitled to recover costs pursuant to **U.S. Copyright Act 17 U.S.C. 505.** Due to the Songwriter's direct or indirect acts of infringement, our Client has suffered general and special damages, including, without limitation, lost profits, royalties, license fees, and other revenues. Pursuant to **U.S. Copyright Act 17 U.S.C. 502**, our Client would be entitled to an injunction against Songwriter's further reproduction, display, performance, broadcasting, streaming, marketing, selling, licensing, and other exploitation and monetization of the Infringing Song, Songwriter's profits from the performance, broadcasting, streaming, marketing, selling, licensing, and any other exploitation or monetization of the Infringing Song, and our Client's actual damages, as well as its costs and attorney fees incurred in connection herewith.

Our Client treats intellectual property infringement as a very serious matter and has instructed us to pursue this claim. However, prior to initiating any litigation or escalating this matter our Client is prepared to resolve this matter amicably, provided that Songwriter cooperates fully with the following demands:

1. Compensate our Client monetarily, an amount which shall be determined after properly accounting revenue and other damages incurred. To properly determine a monetary amount, our Client demands that you provide our office a full accounting in connection with the Infringing Song whether it was sold, licensed, or otherwise distributed and all proceeds therefrom.

2. Promptly provide our office, within seven (7) days of the date of this letter, with written assurances that Songwriter will comply with these demands (e-mail shall suffice).

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

Please be advised that any failure or delay in complying with these demands will compound damages for which you may be liable, and removal of the Infringing Song alone will not be sufficient to compensate our Client for the infringement which has already occurred.

In the event that Songwriter fails to meet these demands, or otherwise respond to this letter before June 23, 2022, our office has been engaged to pursue any and all legal remedies available to our Client. Please be further advised that this letter is not an exhaustive statement of all the relevant facts and law associated with this matter. Our Client expressly reserves all legal and equitable rights and remedies, including, but not limited to, filing a cause of action in federal court for damages and injunctive relief.

If you have any questions regarding this matter, please contact us by phone at (786) 581-2542 or by email at admin@dsmiami.com.

Sincerely,

*Hernan Bater*

Hernan Bater, Esq.
Associate Attorney

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

## EXHIBIT A



5/16/22, 5:44 PM                                                                    WebVoyage Record View 1

**Copyright** — United States Copyright Office

Help   Search   History   Titles   Start Over

### Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Lorente, Rene, 1948-
Search Results: Displaying 1 of 10 entries

previous   next

Labeled View

*Algo diferente.*

**Type of Work:** Music
**Registration Number / Date:** PAu002496298 / 2000-05-30
**Application Title:** Emociones.
**Title:** Algo diferente.
**Description:** Sound cassette.
**Notes:** Music.
**Copyright Claimant:** Rene Lorente, 1948-
**Date of Creation:** 1998
**Names:** Lorente, Rene, 1948-

previous   next

| Save, Print and Email (Help Page) | | |
|---|---|---|
| Select Download Format   Full Record ▾ | Format for Print/Save | |
| Enter your email address: | | Email |

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQzEAqOZZQKWLZmf&SEQ=20220516150023&...   1/2

**OFFICE:** (786) 581-2542 **FAX:** (305) 503-7079 **WEB:** DSMIAMI.COM **EMAIL:** ADMIN@DSMIAMI.COM
**ADDRESS:** 4770 BISCAYNE BLVD., SUITE 600, MIAMI, FL 33137

# DISCHINO & SCHAMY

### BUSINESS & INTELLECTUAL PROPERTY LAW

5/16/22, 5:44 PM                                     WebVoyage Record View 1

Help   Search   History   Titles   Start Over

Contact Us  I  Request Copies  I  Get a Search Estimate  I  Frequently Asked Questions (FAQs) about Copyright  I  Copyright Office Home Page  I  Library of Congress Home Page

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=Lorente%2C Rene%2C 1948-&Search_Code=NALL&CNT=25&PID=H--MJG3Xv0mx3LuQzEAqOZZQKWLZmf&SEQ=20220516150023&…      2/2

# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

### COMPOSITE EXHIBIT B



# DISCHINO & SCHAMY
### BUSINESS & INTELLECTUAL PROPERTY LAW

