IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RENE LORENTE GARCIA, <br><br> **Plaintiff,** <br><br> v. <br><br> CAROLINA GIRALDO NAVARRO; <u>ET AL.</u>, <br><br> **Defendants.** | CIVIL NO. 23-1443 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge,

    Plaintiff initiated the instant action against songwriters Carolina Giraldo Navarro (p/k/a "Karol G"), Tijs Michiel Verwest (p/k/a "Tiësto"), Teemu Brunila, Jonas David Kröper and Yoshi Breen (collectively, the "Individual Defendants"), and Kobalt Music Group Limited, Sony Music Publishing, Warner Bros. Records, Inc. and Atlantic Records (collectively, the "Corporate Defendants") alleging federal copyright infringement under 17 U.S.C. §§ 101, <u>et seq.</u>, and violations of Puerto Rico law (Docket No. 1). Plaintiff claims that the Individual Defendants' musical work, titled "Don't Be Shy," was unlawfully copied from plaintiff's copyrighted song, called "Algo Diferente." <u>Id</u>. Before the court is "Defendants' Joint Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Venue," wherein they seek to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3) & (b)(6), and in the alternative, request that in the interests of justice the case be transferred to the Southern District of Florida on the authority of 28 U.S.C. §§ 1404(a) & 1406(a) (Docket No. 19). Plaintiff opposed (Docket No. 26), defendants replied (Docket No. 29), and plaintiff surreplied (Docket No. 32). For the reasons that follow, the motion must be granted

in part and denied in part and the case transferred to the Southern District of Florida.

## I.   DISCUSSION

### A. Summary of the Arguments

Defendants aver that the complaint fails to meet any of the three criteria set forth in 28 U.S.C. § 1391(b)(1), (b)(2), and (b)(3) to establish venue in this court,[1] as the pleadings confirm that none of the defendants are residents of, or have their principal place of business or offices in, Puerto Rico, and that there are other districts where this case can and should be brought (i.e., Southern District of Florida), thus failing to meet (b)(1) and (b)(3) (Docket No. 19, p. 20). As for (b)(2), defendants maintain that the events occurring in Puerto Rico are not sufficiently "substantial" to establish venue, given that the complaint only identifies a single act of alleged infringement occurring in this District, to wit, Karol G's performance in a concert held on November 27, 2021, in Puerto Rico, in which she sang "Don't Be Shy." Id. at p. 21.[2] Furthermore, defendants posit that convenience considerations favor transfer, as plaintiff is not a resident of Puerto Rico,[3] and (2) none of the defendants, their potential witnesses and documentary evidence

---

[1] The statute provides that a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  If a case does not fall within any one of these three categories, then "venue is improper, and the case must be dismissed or transferred under § 1406(a)." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 56 (2013).

[2] Plaintiff also alleges that Karol G "performed additional concerts in the Commonwealth Puerto Rico, the most recent ones on March 11 and March 12, 2023," and that Tiësto "performed live concerts for profit within the jurisdiction of the Commonwealth of Puerto Rico: February 3, 2007; January 3, 2009 . . . and December 28, 2014" (Docket No. 1, ¶¶ 11-12).  Plaintiff fails to allege a connection between those events and the specific injuries alleged in the complaint. Thus, those arguments are disregarded as irrelevant.

[3] Defendants infer that plaintiff is a resident of Miami, Florida, based on his copyright registration of "Algo Diferente," in which he indicates that his residential and postal address are in Miami. See, Docket Nos. 1, pp. 10-11; 19, p. 7. Plaintiff's Civil Cover Sheet confirms that he resides in "Dade, FL" (Docket No. 1-2).

are in Puerto Rico. Id. at p. 22. And so, defendants request, as an alternative to dismissal, that the case be transferred to the Southern District of Florida. Plaintiff counters that transfer should be denied because: (1) Karol G's concert in Puerto Rico satisfies Section 1891(b)(2)'s criteria for venue in this District; (2) defendants have not sufficiently shown an inconvenience warranting transfer; and (3) there is a "presumption in favor of plaintiff's choice of forum" in this District (Docket No. 26, pp. 15-18).

### B. No Substantial Events Occurred, and no Property is Located, in Puerto Rico

After careful review of the record, and setting conclusory, vague and irrelevant allegations aside, the only harmful events alleged occurring in this District in connection with plaintiff's claims is Karol G's concert in Puerto Rico in 2021, in which she performed "Don't Be Shy."[4] Although that performance may constitute an infringement plaintiff's copyright, from that single event the court cannot conclude that plaintiff's injury, let alone a substantial part of it, occurred in this District, as injury caused from the tort of copyright infringement is deemed to occur "in the state where the allegedly infringed intellectual property is held." Pablo Star Ltd. v. Welsh Gov't, 170 F.Supp.3d 597, 607 (S.D.N.Y 2016)(collecting cases supporting proposition)(citing 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.01 (2015)(stating that "[b]ecause a copyright is an intangible, incorporeal right, it has no situs apart from the domicile of the proprietor")). Given that plaintiff resides in Miami-Dade County, Florida (see, Docket No. 1-

---

[4] In plaintiff's opposition, he attached evidence of two individuals having purchased Tiësto's music album, titled "Drive" –which includes "Don't Be Shy" as a track and "identifies codefendants Atlantic Records, Warner Music Group, on its package"– one from "Alba's Music shop" in Aguadilla, Puerto Rico, and the other from "Music Stop Corporation" in Bayamón, Puerto Rico (Docket Nos. 26-1; 26-2). Based on just those two purchases, plaintiff sweepingly concludes that *all* defendants "profited from their contacts (record sales, concert sales) in the Commonwealth of Puerto Rico" (Docket No. 26, pp. 1-2). However, for the reasons discussed below, these two sales are of no consequence, considering the nature of the injuries alleged in the complaint.

2), it follows that his copyright in "Algo Diferente" must also be in Miami-Dade County and not in Puerto Rico.

Furthermore, the infringing conduct, or a substantial part of it, seems to have occurred elsewhere. To illustrate, plaintiff alleges in the complaint that defendants placed "Don't Be Shy" on the market worldwide; "made substantial profits" therefrom; and deprived plaintiff of his "fair share of royalties, that he would otherwise be entitled [to] by virtue of his copyright, had defendants previously had obtained a license to engage in the alteration, reproduction, and distribution" of his copyrighted work (Docket No. 1, ¶¶ 67, 71). Put another way, the concrete harms plaintiff complains of are: (1) loss of potential earnings from defendants' unauthorized licensing or exploitation of his work, that he would otherwise have received if the defendants had been diligent and obtained plaintiff's consent to interpolate the music of "Algo Diferente" in "Don't Be Shy," in exchange for a fee or a percentage of royalties and/or other monies generated from the exploitation of "Don't Be Shy;" and (2) that defendants owe, but have not paid, plaintiff his fair share of that income.

In this context, it becomes apparent plaintiff has not sufficiently alleged that those particular harms occurred in Puerto Rico. And, plaintiff's reliance on the Tiësto music album sales in Puerto Rico to prove otherwise, does not go far. See, Pablo Star, 170 F.Supp.3d at 608 (rejecting contention that plaintiff's chosen forum was proper in part because the complaint alleged that plaintiff lost potential fees that defendants would have paid in exchange for a license to exploit plaintiff's work, but not that plaintiff lost potential income from direct sales to consumers within the chosen forum). Moreover, the record shows, without contradiction from plaintiff, that "Don't Be Shy" was written over Zoom "from [the Individual] Defendants' respective homes (all outside Puerto Rico)," and that the song was licensed and/or distributed by *some* of the Corporate

Lorente Garcia v. Giraldo Navarro; et al.
Civil No. 23-1443 (PAD)
Memorandum and Order
Page 5

Defendants[5] from New York, Atlanta, Miami, Nashville, Los Angeles and/or Miami (Docket Nos. 19-8; ¶ 8; 19-9, ¶ 8).[6] Thus, the court is not persuaded that a substantial part of the relevant events occurred, or that the property at issue is located, in Puerto Rico. That being so, venue is not proper in this District.

### C. Transfer is Appropriate

Given that plaintiff resides in Florida, his contention, that the court must afford special consideration to his choice to file suit in this District, falls short. See, Nash v. CVS Caremark Corp., 2009 WL 2393937, *2 (D.R.I. July 1, 2009), *report and recommendation adopted*, 2009 WL 10728638 (D.R.I. July 30, 2009)(noting that the "strong presumption" favoring a plaintiff's choice of forum "is greatly weakened where [that] forum is not also his home")(quoting Ryan, Klimek, Ryan P'ship v. Royal Ins. Co. of Am., 695 F.Supp. 644, 647 (D.R.I. 1988)). And, as explained above, plaintiff has failed to present sufficient facts to support his contention that venue is proper in this District. See, Banque de la Mediterranee-France, S.A. v. Thergen, Inc., 780 F.Supp. 92, 94 (D.R.I. 1992)(noting that such is plaintiff's burden). Defendants seem to agree that it would be far more convenient for them to litigate the action in the Southern District of Florida (Docket Nos. 19-3 to 19-10), and there is no indication that transfer would cause undue hardship or unfairness to any of the parties. In this light, and in order to preserve plaintiff's opportunity to litigate his claims on the merits, the court finds that it is in the interests of justice that the case be

---

[5] The court notes that defendant Warner Bros. Records, Inc., (or, "Warner Records Inc.") is steadfast in its position that it is not liable because it was "not involved in the creation, distribution or marketing of 'Don't Be Shy'" (Docket No. 19-10, ¶¶ 1, 10).

[6] Additionally, plaintiff has not refuted that none of the defendants reside in Puerto Rico, as can be gleaned from the affidavits submitted along with defendants' opposition, which show that the Individual Defendants reside in Finland, Germany, Netherlands, Colombia, and the State of Colorado (Docket Nos. 19-3, ¶ 3; 19-4, ¶ 3;19-5, ¶ 3; 19-6, ¶ 5; 19-7, ¶ 5), and that the Corporate Defendants were incorporated in and/or have different principal places of business or offices in different locations, such as Delaware, New York, Atlanta, Nashville, Los Angeles, and Miami (Docket Nos. 19-8; 19-9; 19-10), but not Puerto Rico.

<u>Lorente Garcia</u> v. <u>Giraldo Navarro; et al.</u>
Civil No. 23-1443 (PAD)
Memorandum and Order
Page 6

transferred to the Southern District of Florida.

## II.   <u>CONCLUSION</u>

For the reasons stated, venue in this District is improper, and the case should be transferred to the United States District Court for the Southern District of Florida. Accordingly, "Defendants' Joint Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Venue" (Docket No. 19) is GRANTED as to the request to transfer venue, and the remainder of the relief sought in that motion, DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of August, 2024.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge