UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23066-CIV-ALTONAGA/Reid

**RENE LORENTE-GARCIA**,

    Plaintiff,

v.

**CAROLINA GIRALDO-NAVARRO**,
*et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Teemu Brunila, Jonas David Kröper, and Yoshi Breen's (the "Writer Defendants[']") Joint Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction [ECF No. 67], filed on November 1, 2024.[1] Plaintiff, Rene Lorente-Garcia filed a Response [ECF No. 68], to which the Writer Defendants filed a Reply [ECF No. 69]. The Court has carefully considered the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is granted.

## I. BACKGROUND

This action arises from allegations of copyright infringement. (*See generally* Second Am. Compl. ("SAC") [ECF No. 64]). Plaintiff is a professional composer of Latin music, well known in the Cuban American community for his flute-playing. (*See id.* ¶¶ 21, 33). He wrote and performed one of his most acclaimed works, "Algo Diferente," in 1998 and registered it with the

---

[1] Defendants, Carolina Giraldo-Navarro, Tijs Michiel Verwest, Teemu Brunila, Jonas David Kröper, Yoshi Breen, Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Sony Music Publishing (US) LLC, and Warner Records Inc., are not challenging the Court's jurisdiction over them. Any challenges to the Second Amended Complaint [ECF No. 64] unrelated to personal jurisdiction may be raised in a separate motion. (*See generally* Oct. 25, 2024 Order [ECF No. 66]).

United States Copyright Office on May 30, 2000. (*See id.* ¶¶ 34–35; *see also id.*, Ex. 1, Certificate of Registration [ECF No. 64-1]). The song streams on platforms such as Spotify and Apple Music, and Plaintiff has promoted it in television interviews and YouTube videos. (*See* SAC ¶¶ 40–41).

The alleged infringing track, "Don't be Shy," was composed by Defendants, Tijs Michiel Verwest ("Tiësto"), a celebrated Dutch DJ and producer, and Carolina Giraldo-Navarro ("Karol G"), a globally recognized Colombian singer-songwriter. (*See id.* ¶¶ 22–23, 42). The Writer Defendants, for their part, helped craft the lyrics and assisted with the song's production. (*See id.* ¶¶ 24–25). Atlantic Records released "Don't be Shy" on August 12, 2021; within two years, it had amassed 392 million performances, uploads, downloads, saves, and shares. (*See id.* ¶¶ 42, 45).

"Don't be Shy" is alleged to be "substantially similar" to "Algo Diferente," borrowing the track's rhythm, harmony, and melody to create what Plaintiff and his hired expert deem an "unauthorized reproduction" of Plaintiff's work. (*Id.* ¶ 50 (emphases omitted); *see also id.* ¶¶ 51–56; *id.*, Ex. 3, Prelim. Expert Report . . . [ECF No. 64-3] 92–93). Plaintiff alleges that he received neither credit nor compensation for his work. (*See* SAC ¶ 45). He accuses Tiësto, Karol G, and the Writer Defendants of colluding to create and distribute "Don't be Shy" for commercial gain, all while knowingly infringing on his copyright. (*See id.* ¶¶ 40–41, 43–46).

On August 29, 2023, Plaintiff initiated this action against Defendants, Karol G, Tiësto, Brunila, Kröper, Breen, Atlantic Recording Corporation ("Atlantic"), Kobalt Music Publishing America, Inc. ("Kobalt"), Sony Music Publishing (US) LLC ("Sony"), Warner Records Inc. ("Warner"), and several fictitious parties that were later dropped from the lawsuit.[2] (*See* Compl.

---

[2] In his First Amended Complaint [ECF No. 62], Plaintiff added details about jurisdiction, venue, and the case's procedural history. (*Compare* Compl. *with* Am. Compl.). The Court dismissed it as a shotgun pleading and for improperly naming fictitious parties as defendants. (*See* Oct. 15, 2024 Order [ECF No. 63]). Plaintiff corrected these deficiencies in the Second Amended Complaint. (*See generally* SAC).

[ECF No. 1] ¶¶ 14–25; SAC ¶¶ 21-29). Plaintiff now asserts four claims: a claim of copyright infringement (Count I) against all Defendants (*see* SAC ¶¶ 60–78); a claim of contributory and vicarious infringement (Count II) against Atlantic, Kobalt, Sony, and Warner (*see id.* ¶¶ 79–81); a claim of unfair enrichment and defamation (Count III) against Karol G, Tiësto and the Writer Defendants (*see id.* ¶¶ 82–89); and a claim of intentional infliction of emotional distress (Count IV) against all Defendants (*see id.* ¶¶ 90–94). Plaintiff seeks declaratory and injunctive relief, along with damages totaling tens of millions of dollars. (*See id.* 32–34).[3]

The Writer Defendants argue the Court lacks personal jurisdiction over them, and as a result, they should be dismissed from this action. (*See generally* Mot.). They emphasize they are all "foreign citizens and residents" whose songwriting and production work on "Don't be Shy" occurred exclusively in Finland and Holland, in collaboration with European-based music publishers. (Mot. 5). As such, the Writer Defendants insist they lack any connection to the United States — let alone Florida — that could permit jurisdiction in this case. (*See id.*).

Plaintiff asserts that the Writer Defendants solicited the services of Florida-based musical artist Karol G and authorized their publishers with U.S. affiliates to distribute the infringing song, resulting in harm to Plaintiff, a Florida resident. (*See* Resp. 2–5). According to Plaintiff, these actions provide a sufficient basis for the exercise of personal jurisdiction over the Writer Defendants. (*See id.* 3, 5–9).

The Court permitted jurisdictional discovery in this case (*see* Aug. 23, 2024 Order [ECF No. 55] 1–2); perhaps tellingly, Plaintiff did not propound *any* jurisdictional discovery from the Writer Defendants (*see* Mot. 2–4; Resp. 8; Reply 2, 7). The Writer Defendants now bring the

---

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. The Court would ordinarily cite to specific paragraph numbers in the Second Amended Complaint; however, the relevant paragraphs are unnumbered. (*See* SAC 32–34).

3

present Motion, arguing the Court lacks personal jurisdiction over them and should dismiss them from the action. (*See generally* Mot.). For the following reasons, the Court agrees with the Writer Defendants.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim against him by asserting the defense of lack of personal jurisdiction. Because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons[,]" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (alterations added; citing Fed. R. Civ. P. 4(k)(1)(A)), a federal court sitting in Florida may properly exercise personal jurisdiction over a nonresident defendant only if the requirements of (1) Florida's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied, *see Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). Indeed, a plaintiff must allege sufficient facts to establish personal jurisdiction over "each defendant separately." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). Nevertheless, "vague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (alterations added; citation and footnote call number omitted).

If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to make a prima facie showing of the inapplicability of the state's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). "If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own." *Peruyero*, 83 F. Supp. 3d at 1286–87 (citing *Future Tech.*, 218 F.3d at 1249).

### III.  DISCUSSION

The Writer Defendants contend the Court cannot exercise personal jurisdiction over them due to their lack of contacts with the United States, and with Florida specifically. (*See generally* Mot.; Reply). Plaintiff maintains that jurisdiction is proper under two provisions of Florida's long-arm statute or, alternatively, under Federal Rule of Civil Procedure 4(k)(2) — the "national long-arm statute[.]" *Fraser v. Smith*, 594 F.3d 842, 848 (11th Cir. 2010) (alteration added; quotation marks and citation omitted); (*see also* Resp. 2–8). The Court addresses Plaintiff's arguments in turn.[4]

***Florida's Long-Arm Statute.***  The Court may exercise personal jurisdiction over the Writer Defendants if Plaintiff's Second Amended Complaint satisfies the requirements of both (1) Florida's long-arm statute; *and* (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Posner*, 178 F.3d at 1214. Florida's long-arm statute recognizes two kinds of personal jurisdiction: specific and general. *See* Fla. Stat. §§ 48.193(1)–

---

[4] The Court analyzes Plaintiff's causes of action simultaneously, as they all sound in tort and relate to the same alleged conduct by the Writer Defendants. *See Macrotrend Cap. Grp. Inc. v. Edwards*, No. 18-cv-61327, 2019 WL 2106421, at *4 (S.D. Fla. Mar. 4, 2019) (analyzing multiple tort claims simultaneously where they stemmed from the same act allegedly committed by the defendant).

(2); *see also Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990).  "General personal jurisdiction is based on a defendant's substantial activity in Florida without regard to where the cause of action arose[,]" whereas "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida[.]"  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (alterations added; citations omitted).  The Second Amended Complaint asserts only specific personal jurisdiction over the Writer Defendants.  (*See* SAC ¶¶ 19–20; *see also* Resp. 1).

A court may exercise specific personal jurisdiction over a nonresident defendant under Florida's long-arm statute if the claim "arise[s] out of or relate[s] to" the defendant's forum-related contacts, and if those contacts fall in one of the nine enumerated categories listed under section 48.193(1)(a).  *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. 2017) (alterations added; quotation marks omitted; quoting *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015)).  "Florida's long-arm statute is to be strictly construed[,]" *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (alteration added; citation omitted), and its scope is a question of Florida law, *see Madara*, 916 F.2d at 1514.

Plaintiff argues that the Court has specific jurisdiction over the Writer Defendants under two provisions of Florida's long-arm statute.  (*See* Resp. 3–5).[5]  Under the first provision, a court in Florida may exercise jurisdiction over a nonresident defendant for any cause of action arising from a tortious act committed within the state.  *See* Fla. Stat. § 48.193(1)(a)(2).  "Florida courts construing this provision have noted that the alleged tortfeasor's physical presence in Florida is not required."  *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168

---

[5] Plaintiff does not reference specific provisions of Florida's long-arm statute in the Second Amended Complaint but clarifies the jurisdictional basis in the Response.  (*See* SAC ¶¶ 19–20; Resp. 3–5).

(11th Cir. 2005) (alteration adopted; citation and quotation marks omitted). "Rather, jurisdiction may be found in certain instances where an out-of-state defendant commits a tort that produces an injury in Florida." *Id.* (citation omitted). Allegations about an out-of-state defendant's communications into Florida, for example, may establish jurisdiction if the cause of action arises from those communications. *See id.*

The Second Amended Complaint contains no such allegations. Despite the Court affording Plaintiff an opportunity for jurisdictional discovery (*see* Aug. 23, 2024 Order), his pleading is largely bereft of jurisdictional facts that pertain to the Writer Defendants (*see generally* SAC). Plaintiff alleges that the Writer Defendants committed copyright infringement in Florida but offers no specific facts in support; there are no allegations of calls, emails, or letters to Florida residents, or any other conduct beyond the bare assertion of infringement. (*See* SAC ¶¶ 6, 60–78). The only connection between the Writer Defendants and the United States at all comes from Plaintiff's allegation that the three share a last known address in Nashville, Tennessee.[6] (*See id.* ¶¶ 24–25).

Perhaps recognizing these deficiencies, Plaintiff inserts additional facts into his Response, explaining that the Writer Defendants sought out Karol G, allegedly a Florida resident, to involve her in the creation and promotion of "Don't be Shy." (*See* Resp. 3). Plaintiff further states the Writer Defendants delivered the infringing song to their publishers based in the United Kingdom,

---

[6] While it is ultimately inconsequential to the Court's analysis, Plaintiff's last-known-address allegation carries little weight, as it is directly refuted by declarations submitted by each of the Writer Defendants. (*See* Mot., Ex. 1, Decl. of Teemu Brunila ("Brunila Decl.") [ECF No. 67-1]; Mot., Ex. 2, Decl. of Jonas Kröper ("Kröper Decl.") [ECF No. 67-2]; Mot., Ex. 3, Decl. of Yoshi Breen ("Breen Decl.") [ECF No. 67-3]); *see also Peruyero*, 83 F. Supp. 3d at 1286. In these declarations, the Writer Defendants attest that they are foreign citizens and residents who completed any songwriting and production work for "Don't Be Shy" in Finland and Holland. (*See* Mot. 4; Brunila Decl. ¶¶ 3–4; Kröper Decl. ¶ 3; Breen Decl. ¶ 3). Plaintiff, meanwhile, fails to substantiate his sparse jurisdictional allegations through affidavits, testimony, or any other evidence. (*See generally* Resp.); *see also Peruyero*, 83 F. Supp. 3d at 1286–87.

7

Netherlands, and Germany, whose U.S. affiliates facilitated its distribution and live performances in Florida. (*See id.* 3–5 (citing Brunila Decl. ¶ 5; Kröper Decl. ¶ 4; Breen Decl. ¶ 4)).

Because these facts are not alleged in the Second Amended Complaint, however, the Court cannot consider them in evaluating whether Plaintiff has met his burden to establish a prima facie case of personal jurisdiction over the Writer Defendants. *See United Techs. Corp.*, 556 F.3d at 1274 (the plaintiff "bears the initial burden of alleging *in the complaint* sufficient facts to make out a prima facie case of jurisdiction" (emphasis added; citations omitted)). In any event, even if the Court could consider these supplemental factual allegations, the outcome would be the same; the allegations fail to establish that a tortious act committed within Florida gave rise to a cause of action that implicates the Writer Defendants.

Plaintiff's attempt to invoke a different provision of Florida's long-arm statute fares no better. This provision permits jurisdiction over a nonresident defendant whose out-of-state actions caused injury in Florida if the defendant is engaged in solicitation or service activities within the state. *See* Fla. Stat. § 48.193(1)(a)(6). Plaintiff argues that the Writer Defendants "solicited" Karol G for activities related to "exploit[ing]" the infringing song. (Resp. 5 (alteration added)).

Again, however, the Second Amended Complaint contains no such allegations (*see generally* SAC), so the Court may not consider them here, *see United Techs. Corp.*, 556 F.3d at 1274.[7] On the face of the pleading, the Court cannot discern any link between the Writer Defendants and Florida, either generally or in connection with this case. Thus, the Court finds that

---

[7] The parties dispute the applicability of section 48.193(1)(a)(6). The Writer Defendants contend that it "only applies to personal injury and damages to *physical property*, not copyrights[.]" (Mot. 9 (alteration added; emphasis in original). Plaintiff insists that the Writer Defendants' actions *did* result in personal injury to him, as reflected in his claims for intentional infliction of emotional distress and defamation. (*See* Resp. 5). The Court need not reach this issue, however, as — even taking Plaintiff's view — the allegations in the Second Amended Complaint are inadequate to establish personal jurisdiction over the Writer Defendants. (*See generally* SAC).

8

Plaintiff fails to plead sufficient facts to establish personal jurisdiction over the Writer Defendants. Because Plaintiff cannot satisfy the first step of the personal-jurisdiction inquiry, the Court will not conduct the due process analysis, as he must satisfy both. *See Posner*, 178 F.3d at 1214.

*Federal Long-Arm Jurisdiction.* The final, alternative basis that Plaintiff asserts for exercising jurisdiction over the Writer Defendants — Federal Rule of Civil Procedure 4(k)(2) (*see* Resp. 5–7) — is similarly unavailing.[8] Rule 4(k)(2) provides that, for a claim arising under federal law, serving a summons establishes personal jurisdiction over a defendant if: "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." *Id.*

The exercise of personal jurisdiction under Rule 4(k)(2) is consistent with the Constitution if it comports with due process — that is, if the non-resident defendant has established "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009) (quotation marks omitted; quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Unlike the Florida-specific due-process inquiry under the state's long-arm statute — which, as noted, the Court had no occasion to conduct — Rule 4(k)(2) shifts the focus to a broader stage, where "the applicable forum for the minimum contacts [due-process] analysis is the United States." *Id.* (alteration added; quotation marks omitted; quoting *Consol. Dev. Corp.*, 216 F.3d at 1291 n.6).

---

[8] Plaintiff acknowledges "inadvertently omitt[ing]" reference to Rule 4(k)(2) in his Second Amended Complaint. (Resp. 2 n.1 (alteration added)); *see also Alston v. www.calculator.com*, No. 20-cv-23013, 2020 WL 4451008, at *6 n.2 (S.D. Fla. Aug. 3, 2020) (rejecting the plaintiff's Rule 4(k)(2) argument in part because the complaint did not assert federal long-arm jurisdiction as a basis for personal jurisdiction). But because Plaintiff cited Rule 4(k)(2) in the First Amended Complaint [ECF No. 62] (*see* Am. Compl. ¶ 7), and the issue was fully addressed in the Writer Defendants' Motion (*see* Mot. 11–16) *and* Reply (*see* Reply 7–9), the Court conducts a Rule 4(k)(2) analysis for purposes of this Order.

"To permit the exercise of specific jurisdiction, there must first exist some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws." *Id.* (alteration adopted; citation, quotation marks and footnote call number omitted). "Secondly, the defendant's contacts with the forum must relate to the plaintiff's cause of action or have given rise to it." *Id.* (citations omitted). This "inquiry must focus on the direct causal relationship among the defendant, the forum, and the litigation." *Id.* at 1222 (citation and quotation marks omitted). "Necessarily, the contact must be a 'but-for' cause of the tort[.]" *Id.* at 1222–23 (alteration added; citations omitted). Plaintiff's copyright-infringement claim arises under federal law,[9] so the Court turns to whether exercising jurisdiction over this claim under Rule 4(k)(2) is consistent with due process.

Even when looking at the entire United States as the applicable forum for minimum contacts, the Court finds the exercise of jurisdiction over the Writer Defendants offends due process. As discussed, the Second Amended Complaint offers scant jurisdictional allegations concerning the Writer Defendants; it identifies only a single thread tying them to the United States: a last known address purportedly shared by them in Nashville, Tennessee. (*See* SAC ¶¶ 24–25). The Writer Defendants dispute any connection to the address. (*See* Mot. 4; Brunila Decl. ¶¶ 3–4; Kröper Decl. ¶ 3; Breen Decl. ¶ 3).

---

[9] The jurisdictional facts underlying the federal copyright-infringement claim mirror those supporting the state-law claims against the Writer Defendants: unfair enrichment, defamation, and intentional infliction of emotional distress. (*See generally* SAC). Separate analyses for each cause of action are thus unnecessary, even assuming the state-law claims "arise[] under" federal law — a dubious proposition. Fed. R. Civ. P. 4(k)(2) (alteration added); *see also Reed v. Chase Home Fin., LLC*, No. 10-0606-Civ, 2011 WL 321737, at *5 (S.D. Ala. Jan. 28, 2011) ("When only state-law causes of action are pleaded, 'arising under' jurisdiction exists only if federal law completely preempts the state claim or if federal law is an essential element of the state claim." (citing *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

Even if they did live there, and the Court were to accept that mere residence in the United States constitutes purposeful availment, this allegation still falls short of establishing personal jurisdiction. Plaintiff simply offers no nexus whatsoever between the Nashville property and his causes of action. *See Oldfield*, 558 F.3d at 1220. For instance, Plaintiff does not allege the Writer Defendants worked on "Don't be Shy" at the address or conducted business there. (*See generally* SAC). For the same reason, the newly raised assertions in Plaintiff's Response — that the Writer Defendants solicited services in Florida, licensed the infringing song for U.S. distribution, and profited from U.S. sales — do not alter the outcome. (*See* Resp. 8).

"Rule 4(k)(2) was implemented to fill a lacuna in the enforcement of federal law in international cases." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1337 (S.D. Fla. 2016) (quotation marks omitted; quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). "Yet, it is a rare occurrence when a court invokes jurisdiction under the rule[,]" *id.* (alteration added), and "this is not one of those uncommon cases[,]" *id.* at 1338 (alteration added).

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants, Teemu Brunila, Jonas David Kröper, and Yoshi Breen's Joint Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction **[ECF No. 67]** is **GRANTED**. The Writer Defendants are dismissed without prejudice. The remaining Defendants, Carolina Giraldo-Navarro, Tijs Michiel Verwest, Teemu Brunila, Jonas David Kröper, Yoshi Breen, Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Sony Music Publishing (US) LLC, and Warner Records Inc., shall file their combined response or separate answers to the Second Amended Complaint by **January 2, 2025**.

CASE NO. 24-23066-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 13th day of December, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record