UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23066-CIV-ALTONAGA/REID

RENE LORENTE-GARCIA,

      Plaintiff,

vs.

CAROLINA GIRALDO-NAVARRO,
et al.,

      Defendants.
_____/

## PLAINTIFF'S RESPONSE IN SUPPORT OF MOTION *IN LIMINE*

**COMES NOW**, the Plaintiff, **RENE LORENTE-GARCIA**, who, by and through his undersigned counsel, and pursuant to the *Local Rules of the Southern District Court, Rule 7.1(c)(1)*, respectfully, submits the instant Response to Defendants' Opposition to Plaintiff's Motion *in limine* [Dkt. #151], and states:

### I. INTRODUCTION

Defendants' opposition rests on a *mischaracterization of the record*, fails to address the clear *prejudice to the Plaintiff of unproduced/undisclosed evidence*, and *distorts Rule 26's disclosure requirements*. Contrary to the representations set forth in the Defendant's responsive pleading, the Plaintiff's Motion at issue is not an attempt to "relitigate" prior rulings but, rather, to enforce fair trial rights in accordance with the *Federal Rules of Civil Procedure* and this Court's Scheduling

1

Order. Plaintiff's Motion *in Limine* was borne out of *bona fide* concern deriving from the prospect of Defendants attempting to introduce novel witnesses and/or exhibits at trial which went previously undisclosed. As the Courts have emphasized, surprise evidence not previously disclosed or produced is improper and subject to exclusion.

In reviewing the items listed on the proposed Defendant exhibit and witness lists, the Plaintiff was given some measure of pause because—to all appearances—it appears that the Defendants are attempting to insert new witnesses and documents into the proceedings that were **never previously produced**, either voluntarily or in response to discovery. *Under FRCP 37 (c)(1)* the Defendants' evidence which was not previously disclosed may be excluded.

## II. DEFENDANTS' DISCLOSURES WERE UNTIMELY AND INADEQUATE UNDER *RULE 26*

While Defendants are claiming to have "disclosed" various witnesses and documents, they fail to identify where and when they made any timely, unambiguous, and complete disclosures as required by *Fed. R. Civ. P. 26(a)(1)(A)*. Merely making oblique references to *unspecified* 'categories' in Initial Disclosures or including documents in expert reports, is insufficient. The items identified in Plaintiff's motion *in limine*, were NOT produced by Defendants during discovery.

In this case, the Defendants attempt to introduce by surprise at the *eleventh hour*, some undisclosed evidence supposedly related to the creation of "Don't Be

Shy", yet, said evidence was *never* specifically identified in their Initial Disclosures nor was it ever produced during discovery. As the Court and, no doubt, the Defendants are aware, the rationale behind *Rule 26* disclosures is to identify with specificity the documents and witnesses which the respective Parties reasonably anticipate may bear upon the claims and defenses in a case in an effort to eliminate the prospect of either side having to engage in proverbial guesswork.

In this instance, not even during expert discovery did the items the Defendants now list as materials for trial did the same earn even a passing reference. Defendants attempt to present "surprise" evidence that would and should have been timely disclosed. The Defendants did *not*, and, curiously, they did not even disclose it or avail themselves of the same in support of *their* motion for summary judgment which beggars legitimate questions as to the time, manner, and place the materials came in the Defendants' possession and, concurrently, when the determination was made to utilize those materials for trial purposes.

The late arrival of the materials at issue appears to be designed in service of the Defendants' attempt to bolster the viability of their alleged "independent creation" and improperly and untimely try to introduce as much at trial, without having timely disclosed the same.

### III. THE COURT'S DISCOVERY DENIAL ORDER DOES NOT INSULATE DEFENDANTS FROM *RULE 37(C)(1)*

The Defendants suggest Plaintiff's inability to obtain discovery following the Court's denial of his Motion to Compel carries the operative legal effect of excusing their failure to disclose. That is *incorrect*. *Rule 37(c)(1)* imposes an independent duty on each party to disclose evidence they intend to use at trial.

### IV. PLAINTIFF IS ENTITLED TO PRECLUDE SURPRISE WITNESSES AND DOCUMENTS

The purpose of Motions *in Limine* is to avoid unfair surprises and ensure that evidence introduced at trial is within the scope of discovery. Therefore, Plaintiff is entitled to a trial free undisclosed witnesses and documents responsive to which he was not able to prepare, and under *FRCP 37(c)(1)*, the Defendants' late undisclosed evidence must be excluded.

### V. *BETANCOURT* IS DIRECTLY ON POINT

Defendants' attempt to distinguish *Betancourt v. Mangual's Gen. Servs., Inc.*, Case Number: *15-24691* (S.D. Fla. July 13, 2017), but fail to address its central holding: *failure to timely disclose witnesses and documents renders them inadmissible at trial*.

### VI. CONCLUSION

The only relevant inquiry before the Court within the context of the Plaintiff's

Motion *in Limine* is whether the Defendants properly disclosed the information they have recently indicated they intend to avail themselves of during trial via *Rule 26* disclosures and/or during the course of discovery attendant to these proceedings.

The Defendants' 'workaround' embodied in their response to the Plaintiffs' Motion *in Limine* wherein they purport to suggest various strategic points at which the intent to rely on various documentary materials seemingly should have been intuited or extrapolated by the Plaintiff during the litigation from Defendants' actions is, by no means, a substitute for basic principles of transparency. The record reflects that the Defendants did not disclose the materials for which Plaintiff seeks exclusion. Accordingly, the Plaintiff, respectfully, requests that the Court:

1. **GRANT** Plaintiff's Motion *in Limine*; and
2. **EXCLUDE** all of Defendants' undisclosed and/or untimely disclosed witnesses and documents listed in Plaintiff's Motion.

Respectfully Submitted:

Dated: July 4, 2025.

/s/ Patrick R. Frank, Esq.
**Patrick R. Frank, Esq.**
Florida Bar Number: 0642770
lawatf@aol.com
FRANK & RICE, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
(850) 629-4168 Telephone
(850) 629-4184 Facsimile

/s/ Humberto Cobo-Estrella, Esq.
**Humberto F. Cobo-Estrella, Esq.**
*(pro hac vice)*
COBO ESTRELLA LAW
USDC-PR230108
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
E-mail: hcobo@hcounsel.com