**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 24-23066-CIV-ALTONAGA/REID**

RENE LORENTE GARCIA

        Plaintiff,
v.

CAROLINA GIRALDO NAVARRO, *et al*.,

        Defendants.
_____/

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN *LIMINE***

Defendants Carolina Giraldo Navarro *p/k/a* Karol G ("Karol G"), Tijs Michiel Verwest *p/k/a* Tiësto ("Tiësto"), Atlantic Recording Corporation ("Atlantic"), Kobalt Music Publishing America, Inc. ("Kobalt"), Sony Music Publishing (US) LLC ("Sony") and Warner Records Inc. ("Warner") (collectively "Defendants") respectfully submit this reply in support of Defendants' motion in *limine* ("Motion") [D.E. 147].

**PRELIMINARY STATEMENT**

Without seeking leave of Court, plaintiff Rene Lorente-Garcia's ("Plaintiff") belatedly filed his opposition to Defendants' Motion ("Opposition") nine (9) days after it was due [D.E. 152] in violation of S.D. Fla. Local Rule 7.1(c)(1). This continues a troubling pattern in which Plaintiff treats the Court's Scheduling Order, the Federal Rules of Civil Procedure and the Local Rules as at most, aspirational.[1] Not only are Plaintiff's Opposition (and his untimely Reply) procedurally

---

[1] Plaintiff has continuously flaunted both the Local Rules and this Court's Scheduling Order by filing motions out of time or impermissible sur-replies. In addition to belatedly filing his Opposition, Plaintiff also filed an untimely "reply" in support of own motion *in limine*. The reply was filed four (4) days late [D.E. 153]. Worse, Plaintiff's reply is largely an undisguised attempt to relitigate two motions Plaintiff has previously made and lost: (i) his motion to compel discovery after he failed to timely serve any discovery requests [D.E. 106, 120] and (ii) his Daubert Motion

defective, they are substantively meritless.

Plaintiff's Opposition is wholly unsupported by the facts and the law. Plaintiff was required by this Court to provide his rebuttal expert disclosures by March 17, 2025. [D.E. 78]. Jose Sosa was indisputably not identified as a putative "expert" on or before March 17, 2025. Nor was any report provided prior to the deadline. Instead, Mr. Sosa was first identified on April 4, 2025 in Plaintiff's initial disclosures. However, even then, Mr. Sosa was solely identified as a rebuttal witness "consulted prior to filing the complaint." [D.E. 147-1, 2]. The topic(s) of his potential rebuttal testimony was not identified in conformity with either the Scheduling Order or FRCP 26.

Given Plaintiff's failure to comply with the Local Rules and Opposition's lack of merit, it is respectfully submitted that Defendants' Motion should be granted in its entirety.

## ARGUMENT

### I. Plaintiff Failed to Timely and Properly Disclose His Supposed Rebuttal Expert Witness.

Plaintiff's claim that Mr. Sosa was properly disclosed pursuant to FRCP 26(a)(2) is demonstrably untrue. His supposed disclosure violates this Court's Scheduling Order, and in turn the Federal Rules on which Plaintiff seeks to rely. For this reason alone, Mr. Sosa should be excluded. *See Andreu v. Hewlett-Packard Co.*, No. 15-cv-23270, 2016 WL 1697088, at *4 (S.D. Fla. Apr. 20, 2016) ("Neither the Federal Rules of Civil Procedural nor the Local Rules are aspirational," and may not be casually disregarded by parties at their option.")

In an attempt to justify his failure to disclose Mr. Sosa by the March 17, 2025 deadline,

---

to exclude Dr. Ferrara [D.E. 143]. The motion *in limine* reply, once again, complains that Defendants' proposed exhibits – most of which are rebuttal exhibits – were not produced in discovery (omitting he failed to seek such discovery) and that the recordings Dr. Ferrara examined were not "authenticated" (ignoring that they were obtained from the very source Plaintiff identified), precisely the basis for the Daubert Motion this Court denied.

Plaintiff asserts that, under FRCP 26(a)(2)(D), he was only required to disclose Mr. Sosa within 30 days of Defendants' expert disclosures. Plaintiff's reliance on FRCP 26(a)(2)(D) is mistaken, as it conspicuously ignores the first portion of FRCP 26(a)(2)(D):

> "A party ***must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order***, the disclosures must be made…".

Fed. R. Civ. 26(a)(2)(D) (emphasis added).

Here, there was a Court Order – the Scheduling Order [D.E. 78] – which expressly required rebuttal disclosures to be served on **March 17, 2025**, rendering subsections (i) and (ii) of 26(a)(2)(D) inapplicable. Just as Plaintiff ignored this Court's Scheduling Order in seeking discovery – and just as his Opposition ignores the time constraints of Rule 7.1(c)(1) – so, too, does his Opposition ignore the deadlines set by this Court's Scheduling Order, which is operative pursuant to the FRCP. *See* 26(a)(2)(D).

Plaintiff unpersuasively tries to evade the plain language of this Court's Scheduling Order by proffering a non-existent distinction between a rebuttal witness who submits a report, and one who does not by citing FRCP 26(a)(2)(C). This "difference without a distinction" ignores the Court's Scheduling Order and the text of FRCP 26(a)(2)(C) which states:

> "… ***unless otherwise stipulated or ordered by the court***, if the witness is not required to provide a written report" then pursuant to FRCP 26(a)(2)(C)(ii) expert disclosures must provide "a summary of the facts and opinions to which the witness is expected to testify."

Again, the Court's operative Scheduling Order unequivocally states that the parties must "exchange ***rebuttal expert witness summaries*** or reports" by March 17, 2025. [D.E. 78, 1]. Consequently, if Plaintiff was going to designate an expert not required to provide a formal report, he was still required to identify the expert and provide a "summary" of the expert's opinion in compliance with FRCP 26(a)(2)(C)(ii) by no later than March 17, 2025. Mr. Sosa was neither

identified nor was any summary of his contemplated rebuttal expert testimony provided by March 17, 2025 (or thereafter for that matter).

In any event, its untimeliness aside, Plaintiff's purported FRCP 26(a)(2)(C)(ii) disclosure regarding Mr. Sosa is completely inadequate. Plaintiff's Opposition asserts that his disclosure identified "both subject matter and purpose." This statement mischaracterizes Plaintiff's 26 disclosure of Mr. Sosa. Plaintiff's April 4, 2025, "Rule 26 Letter" identifies Mr. Sosa only as: "a music expert, that was consulted, prior to filing the Complaint, he may be called upon as a rebuttal witness, on behalf of the plaintiff in this case." *See* [D.E. 147-1]. There is no summary of Mr. Sosa's opinions nor any identification of the purpose or subject matter in violation of the requirements of Rule 26(a)(2)(C)(ii).

Consequently, Mr. Sosa remains a mystery "witness." His expertise has not been identified nor has the "subject matter or purpose" of his contemplated testimony been identified, nor has any summary been provided. In belatedly seeking to introduce Mr. Sosa into this case, without any identification of his credentials, subject matter or purpose of his testimony, Plaintiff has, at one and the same time, violated this Court's Scheduling Order and Rule 26.

Plaintiff attempts to shift the blame for his violation of the Scheduling Order, the Local Rules and Rule 26 to Defendants, claiming that Defendants could have filed a motion to compel further information. This "victim" blaming gambit is unpersuasive. It was not incumbent on Defendants to police Plaintiff's persistent violation of the Scheduling Order, Local Rules and Federal Rules. It is Plaintiff's obligation to timely disclose his putative experts and to ensure that the disclosure is complete and compliant with this Court's Scheduling Order and Rule 26. Plaintiff, not Defendants, failed to do so. The remedy for Plaintiff's failure is exclusion.

## II. Plaintiff's Untimely and Improper Rebuttal Expert Witness Disclosure Is Not Harmless.

Plaintiff tacitly concedes that he has failed to comply with the Scheduling Order and Rule 26, by falling back on a claim that his failures were harmless and should therefore be excused. They are not harmless.

First, Plaintiff's disclosure was plainly untimely. Plaintiff admits that a purported rebuttal expert can be excluded based on an untimely disclosure. *See* [D.E. 152, 5] ("Given that the rebuttal expert, Sosa, was disclosed in accordance with Rule 26 [he was not disclosed in accordance with Rule 26], within the required time under Rule 37(c)(1) [he was not disclosed within the required time under Rule 37], the Court may only exclude a rebuttal expert if his disclosure was untimely." Here Mr. Sosa, to this date (less than a month before the trial calendar call), has still ***not*** been disclosed in compliance with the Scheduling Order or Rule 26.

Again, as outlined above, the Scheduling Order required rebuttal expert disclosures, including reports or summaries, by no later than March 17, 2025. Mr. Sosa was first identified eighteen days later, on April 4, 2025, and even then, there was no summary of his anticipated testimony nor any disclosure of the subject matter of his testimony or its purpose. That failure persists to this day. These continuing failures alone justify exclusion. *See* Fed. R. C. P. 37(c)(1).

As a substantive matter, Plaintiff has never provided any summary of Mr. Sosa's opinions or the basis for those opinions as required by FRCP 26(a)(2)(C). Instead, Plaintiff's "Rule 26 letter" of April 4, 2025 referred to Mr. Sosa as a potential rebuttal witness, identifying him as "a music expert, that was consulted, prior to the filing the Complaint…" [D.E. 147-1, 2]. Mr. Sosa's expertise is not identified. No CV has been provided. The subject matter of his testimony is not provided. The naked reference to Mr. Sosa in Plaintiff's Rule 26 letter fails to comply with either Rule 26 or the Scheduling Order. Allowing Mr. Sosa to appear in this case, in any capacity, let

alone as a putative expert, is prejudicial.

The Eleventh Circuit has made clear that Plaintiff bears the burden of demonstrating substantial justification or harmlessness. *See Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 812 (11th Cir. 2017) (noting that plaintiffs had "not carried their burden" under Rule 37(c)(1) of showing substantial justification). Plaintiff has not shown any justification, much less a substantial one, and the prejudice to Defendants is real and material as it impermissibly makes trial "a game of blind's man bluff." *Bim Salem Holding Co.*, *LLC v. Blair*, Case No. 11-60931-Civ-Williams/Seltzer, 2012 WL 1288284, at *1 (S.D. Fla. Sept. 5, 2012) ("[The discovery rules] together with pretrial procedures make a trial less a game of blind's man bluff and more of a fair context with the basic issues and facts disclosed to the fullest practicable extent.").

Given the patent prejudice that Defendants will suffer, Mr. Sosa and his unidentified opinions should be excluded in their entirety.

### III. A Motion in Limine Prohibiting the Potential Presentation of Undisclosed Evidence is Warranted in This Case.

Defendants acknowledge that motions *in limine* seeking blanket exclusions require a showing that there is a demonstrated risk that a party will disregard court rules at trial. Here, that risk is not speculative but grounded in Plaintiff's history of flouting this Court's Orders, the Local Rules of the Southern District of Florida, and the Federal Rules of Civil Procedure. If this case is to be tried (rather than determined on Defendants' pending motion for summary judgment), Defendants simply want to assure that the trial will not devolve into something that could taint a jury or cause a mistrial.

Plaintiff's misrepresentation of the record makes the assertion that there will be no surprises at trial ring hollow. Even in his Opposition, as noted above, Plaintiff has misrepresented his own prior statements as well as the plain language of the Federal Rules and this Court's

Scheduling Order.  But that is not all that causes Defendants' concern.

Plaintiff claims that he has "produced substantial documentary evidence."  That is demonstrably false.  As documented in Defendants' motion for summary judgment, [D.E 107], beyond documents attached to the Complaint, Plaintiff has produced virtually nothing – a reality evidenced by the fact that his exhibit list consists of a total of nine entries. [*See* D.E. 144-1].  Given the lack of "documentary evidence," Plaintiff's case appears to hinge on Richie Viera, a supposed "jack of all trades" purported expert. Yet, Mr. Viera's reports exist in an evidentiary vacuum, lacking any musicological or economic basis and are the subject of a well-founded *Daubert* motion. [D.E. 110].  Plaintiff's description of the evidentiary record as "substantial" simply blinks reality.  In truth, Plaintiff lacks any evidence to support any of his evidentiary burdens: access, substantial similarity of protectable elements and Defendants' revenues.

In the interest of assuring an orderly trial, based on actual admissible evidence, the concerns articulated in Defendants' Motion are well founded.  A pre-trial ruling will promote judicial efficiency and prevent the waste of time and resources during trial that would result from repeated objections, sidebars, and requests for curative instructions that would be inevitably necessitated by Plaintiff's improper attempts to introduce inadmissible and irrelevant evidence that was not properly disclosed or developed during discovery.

Defendants seek only to assure that if there is to be a trial, it will be based on admissible evidence, not the "instincts" of a purported expert that lack any evidentiary basis and ignores pre-existing commonplace musical building blocks.  Defendants' goal is entirely consistent with the purpose of motions *in limine* and should not be opposed by Plaintiff unless it is his intent to do precisely what Defendants' Motion seeks to prevent. As such, this Court should grant Defendants' motion in full to preserve the integrity of the trial and preempt foreseeable violations of the

evidentiary and procedural frameworks that govern this proceeding.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion in its entirety.

Dated: July 8, 2025
New York, New York

Respectfully submitted,

**PRYOR CASHMAN LLP**
*Attorneys for Defendants*

By: */s/ James G. Sammataro*
James G. Sammataro
Donald S. Zakarin (*pro hac vice*)
Benjamin S. Akley (*pro hac vice*)
jsammataro@pryorcashman.com
dzakarin@pryorcashman.com
bakley@pryorcashman.com
255 Alhambra Circle, Suite 800
Miami, Florida 33134
Telephone: (786) 582-3010